## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOUREY NEWELL**, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | 2:25-cv-01419-GAM |
| *v.* | |
| **JR CAPITAL, LLC** | |
| *Defendant*. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, JR Capital, LLC ("JR Capital"), by and through its attorneys, states as follows for its answer and affirmative defenses to Plaintiff's First Amended Class Action Complaint:

## ANSWER

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id*. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id*. § 2(9).

**ANSWER:** JR Capital admits that this paragraph quotes from the cited materials. JR Capital lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id*.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . .

initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not- call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** JR Capital admits that this paragraph quotes from the cited regulations and case. JR Capital lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that JR Capital, LLC violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, by making telemarketing calls without the accurate provision of Caller ID Name (CNAM), as well as calling people who had previously asked to no longer receive calls.

**ANSWER:** JR Capital admits that Plaintiff seeks relief under the TCPA and that Plaintiff brings this suit as a putative class action. JR Capital denies that Plaintiff is entitled to relief under the TCPA and denies that class certification is appropriate. JR Capital denies any remaining allegations in this paragraph.

4.      Plaintiff Jourey Newell is an individual residing in the Eastern District of Pennsylvania.

**ANSWER:** JR Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5.      Defendant JR Capital, LLC is an Arizona-based company that sells various sorts of equipment, like trucks, vans, and trailers throughout Pennsylvania and across the United States.

**ANSWER:** JR Capital admits that it is headquartered in Arizona. JR Capital admits that it provides financing for businesses to purchase equipment in the United States. JR Capital lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

**ANSWER:** JR Capital admits that this case involves a federal question.  JR Capital lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations

in this paragraph.

7.      This Court has specific personal jurisdiction over Defendant because it called the Plaintiff at his 484- area code number to attempt to sell him its equipment and machinery.

**ANSWER:** JR Capital does not contest personal jurisdiction.  JR Capital admits that it

texted the subject phone number and provided information about business equipment financing.

JR Capital denies the remaining allegations in this paragraph.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated into and sent to this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

**ANSWER:** JR Capital does not contest venue.  JR Capital admits that it texted the

subject phone number and provided information about business equipment financing.  JR Capital

denies that Plaintiff is entitled to relief under the TCPA.  JR Capital lacks knowledge or

information sufficient to form a belief about the truth of any remaining allegations in this

paragraph.

9.      The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital admits that 47 U.S.C. § 227(c)(5) states that a "person who has

received more than one telephone call within any 12-month period by or on behalf of the same

entity in violation of the regulations prescribed under this subsection may, if otherwise permitted

by the laws or rules of court of a State bring in an appropriate court of that State-- (A) an action

based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500

in damages for each such violation, whichever is greater, or (C) both such actions."  JR Capital

admits that 47 CFR § 64.1200(c) states, in part, that "No person or entity shall initiate any

telephone solicitation to…A residential telephone subscriber who has registered his or her

telephone number on the national do-not-call registry of persons who do not wish to receive

telephone solicitations that is maintained by the Federal Government."  JR Capital denies any

remaining allegations in this paragraph.

10.    The National Do Not Call Registry allows consumers to register their telephone
numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.
*See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** JR Capital admits that 47 CFR § 64.1200(c) states, in part, that "No person

or entity shall initiate any telephone solicitation to…A residential telephone subscriber who has

registered his or her telephone number on the national do-not-call registry of persons who do not

wish to receive telephone solicitations that is maintained by the Federal Government."  JR

Capital denies any remaining allegations in this paragraph.

11.    A listing on the National Do Not Call Registry "must be honored indefinitely, or
until the registration is cancelled by the consumer or the telephone number is removed by the
database administrator." *Id*.

**ANSWER:** JR Capital admits that this paragraph quotes from the cited regulation.  JR

Capital denies any remaining allegations in this paragraph.

12.    The TCPA and implementing regulations prohibit the initiation of telephone
solicitations to residential telephone subscribers on the Registry and provide a private right of
action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47
U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** JR Capital admits that 47 U.S.C. § 227(c)(5) states that a "person who has

received more than one telephone call within any 12-month period by or on behalf of the same

entity in violation of the regulations prescribed under this subsection may, if otherwise permitted

by the laws or rules of court of a State bring in an appropriate court of that State--(A) an action

based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions." JR Capital admits that 47 CFR § 64.1200(c) states, in part, that "No person or entity shall initiate any telephone solicitation to…A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." JR Capital admits that 47 CFR § 64.1200(c) states, in part, that "Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if…It can demonstrate that the violation is the result of error and that as part of its routine business practice, it meets the [certain] standards." JR Capital denies any remaining allegations in this paragraph.

13.     The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

**ANSWER:** JR Capital admits that this paragraph quotes from the cited regulation. JR Capital denies any remaining allegations in this paragraph.

14.     The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** JR Capital admits that this paragraph quotes from the cited regulation. JR Capital denies any remaining allegations in this paragraph.

15.     A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**ANSWER:** JR Capital admits that the allegations in this paragraph paraphrase the cited case. JR Capital denies any remaining allegations in this paragraph.

16.    The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** JR Capital admits the allegation in this paragraph.

17.    At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendant prior to receiving the calls at issue.

**ANSWER:** JR Capital admits that it texted the subject phone number and provided information about business equipment financing.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

18.    Plaintiff's telephone number, (484) XXX-XXXX, is a residential, non-commercial telephone number.

**ANSWER:** JR Capital denies the allegations in this paragraph.  JR Capital affirmatively states that the subject phone number is Newell Contracting LLC's phone number.

19.    Mr. Newell uses the number for personal, residential, and household reasons.

**ANSWER:** JR Capital denies the allegations in this paragraph.  JR Capital affirmatively states that the subject phone number is Newell Contracting LLC's phone number.

20.    The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

**ANSWER:** JR Capital denies the allegations in this paragraph.  JR Capital affirmatively states that the subject phone number is Newell Contracting LLC's phone number.

21.    Moreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

**ANSWER:** JR Capital denies the allegations in this paragraph.  JR Capital affirmatively states that the subject phone number is Newell Contracting LLC's phone number.

22.    Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there over a year prior to the calls at issue.

**ANSWER:** JR Capital denies that the subject phone number is Plaintiff's phone number.

JR Capital affirmatively states that the subject phone number is Newell Contracting LLC's

phone number.  JR Capital lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations in this paragraph.

23.    Despite that fact, the Plaintiff received over five telemarketing text messages from
the Defendant, starting on November 4, 2022.

**ANSWER:** JR Capital denies that the subject phone number is Plaintiff's phone number.

JR Capital affirmatively states that the subject phone number is Newell Contracting LLC's

phone number.  JR Capital lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations in this paragraph.

24.    The text messages all came from the following numbers. Counsel for the Plaintiff
has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM
information to ascertain (1) whether caller name delivery (CNAM) is available with the
Defendant's calling carrier, and (2) whether such CNAM information contained the name of the
telemarketer. The results of those dips are as follows:

| Number | Date | CNAM Available? | CNAM Result | Carrier |
|---|---|---|---|---|
| 8163754003 | 04/11/2022 | Y | GREENWOOD MO | ONVOY |
| 8163754003 | 24/01/2023 | Y | GREENWOOD MO | ONVOY |
| 8163754003 | 22/02/2024 | Y | GREENWOOD MO | ONVOY |
| 8163754003 | 22/08/2024 | Y | GREENWOOD MO | ONVOY |
| 8163754003 | 27/02/2025 | Y | GREENWOOD MO | ONVOY |

**ANSWER:** JR Capital lacks knowledge or information sufficient to form a belief about

the truth of the allegations in this paragraph.

25.    As the aforementioned chart shows, the CNAM transmitted by the Defendant's
ultimate telephone carrier, Onvoy, provided CNAM functionality, but the CNAM functionality
transmitted a geographic location, and not the Defendant's name or telemarketer's name.

**ANSWER:** JR Capital lacks knowledge or information sufficient to form a belief about

the truth of the allegations in this paragraph.

26.    Onvoy provides its customers the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, Onvoy's default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

The text messages all advertised various sorts of equipment:



**ANSWER:** JR Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27.    On August 7, 2023, the Plaintiff sent the following do not call request to the Defendant:

## TCPA Consent Letter

**Jourey Newell**                                                    Mon, Aug 7, 2023 at 3:54 PM
To: info@jrwcap.com

**Attn:** Jonathan Robert Wasser
JR Capital, LLC
6815 E. Camelback Rd., #4007 ,
SCOTTSDALE, AZ 85251, USA

On November 4, 2022, I received a text message on my mobile phone from (816-375-4003). The text reads "Good morning, Are you looking for any Equipment or trucks/trailers this year? I can find/fund what you need. Hope all is well. Thanks! Jrwcap.com/equipment. After receiving this text on November 4, 2022, I was texted again by JR Capital on January 24, 2023. I am hereby specifically requesting to be placed on the company's internal Do not call list and at no time prior to this contact did I ever provide consent to the called/texted.

**ANSWER:** JR Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28.     However, as outlined above, the Defendant continued to text the Plaintiff.

**ANSWER:** JR Capital denies that the subject phone number is Plaintiff's phone number. JR Capital affirmatively states that the subject phone number is Newell Contracting LLC's phone number.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

29.     Moreover, this case was originally removed from Magisterial District Court. The Defendant was served with the MDJ complaint on February 19, 2025, but texted after it had already been sued.

**ANSWER:** JR Capital admits that this case was removed from the Magistrate District Court.  JR Capital admits that it received a Certified Civil Action Hearing Notice from the Magistrate District Court on February 19, 2025.  JR Capital denies that the subject phone number is Plaintiff's phone number.  JR Capital affirmatively states that the subject phone number is Newell Contracting LLC's phone number.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

30.     Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

**ANSWER:** JR Capital admits that the Supreme Court has stated: "Neither party disputes that the TCPA's prohibition also extends to sending unsolicited text messages. See *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016). We therefore assume that it does without considering or resolving that issue." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 n. 2 (2021).  JR Capital denies any remaining allegations in this paragraph.

31.     The calls were unwanted.

**ANSWER:** JR Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32.     The calls were nonconsensual encounters.

**ANSWER:** JR Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33.     Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

**ANSWER:** JR Capital denies the allegations in this paragraph.

34.     Plaintiff never provided his consent or requested the calls.

**ANSWER:** JR Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35.     Plaintiff and the Classes have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**ANSWER:** JR Capital denies the allegations in this paragraph.

36.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:** JR Capital restates its answers to those paragraphs.

37.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of JR Capital's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages

in a 12-month period, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

**Internal DNC Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**ANSWER:** JR Capital admits that Plaintiff seeks class certification. JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. JR Capital denies any remaining allegations in this paragraph.

38.    **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

**ANSWER:** JR Capital admits that Plaintiff seeks class certification. JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. JR Capital denies the remaining allegations in this paragraph.

39.    **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant' telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant' uniform illegal conduct.

**ANSWER:** JR Capital admits that Plaintiff seeks class certification. JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. JR Capital denies the remaining allegations in this paragraph.

40.    **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

**ANSWER:** JR Capital admits that Plaintiff seeks class certification. JR Capital denies

that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. JR

Capital denies the remaining allegations in this paragraph.

41. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

c. whether Defendant transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID Class;

d. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

e. Whether Defendant should be held liable for violations committed on its behalf; and

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital admits that Plaintiff seeks class certification. JR Capital denies

that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. JR

Capital denies the remaining allegations in this paragraph.

42. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members in each class, such that joinder of all members is impracticable.

**ANSWER:** JR Capital admits that Plaintiff seeks class certification.  JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate.  JR Capital denies the remaining allegations in this paragraph.

43.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.    Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d.    Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:** JR Capital admits that Plaintiff seeks class certification.  JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate.  JR Capital denies the remaining allegations in this paragraph.

## COUNT I

44.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** JR Capital restates its answers to those paragraphs.

45.    It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).46. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

**ANSWER:** JR Capital admits that 47 U.S.C. § 227(c)(5) states that a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions." JR Capital admits that 47 CFR § 64.1200(c) states, in part, that "No person or entity shall initiate any telephone solicitation to…A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." JR Capital denies the remaining allegations in this paragraph.

47.     These violations were willful or knowing.

**ANSWER:** JR Capital denies the allegations in this paragraph.

48.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital denies the allegations in this paragraph.

49.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital denies the allegations in this paragraph.

## COUNT II

50.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** JR Capital restates its answers to those paragraphs.

14

51.     It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** JR Capital denies the allegations in this paragraph.

52.     Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier.

**ANSWER:** JR Capital denies the allegations in this paragraph.

53.     These violations were willful or knowing.

**ANSWER:** JR Capital denies the allegations in this paragraph.

54.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital denies the allegations in this paragraph.

55.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital denies the allegations in this paragraph.

## COUNT III

56.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** JR Capital restates its answers to those paragraphs.

57.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

**ANSWER:** JR Capital denies the allegations in this paragraph.

58.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital denies the allegations in this paragraph.

59.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:** JR Capital denies the allegations in this paragraph.

WHEREFORE, JR Capital respectfully requests that this Court enter judgment in JR Capital's favor and against Plaintiff, and award JR Capital its costs and such other relief as this Court deems proper.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's First Amended Class Action Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff is estopped from pursuing the alleged TCPA claims, because (a) Plaintiff registered a trucking-carrier business—Newell Contracting LLC—with the United States Department of Transportation; (b) the challenged text messages were sent to the phone number listed for Newell Contracting LLC; and (c) after this lawsuit was filed, someone apparently took down Newell Contracting LLC's federal registration.  Next, after taking down Newell Contracting LLC's federal registration following the filing of this lawsuit, someone reactivated that registration and then changed the phone number listed for that registration.  *See Shelton v. Pro Source Lending Grp. LLC*, No. CV 24-4394, 2025 WL 817485, at *5 (E.D. Pa. Mar. 14, 2025) (McHugh, J.) (stating that, "[i]f Plaintiff took down the number from his business website and then immediately sued [the defendant] or another marketer, I would be strongly inclined to find estoppel").

3.    Plaintiff's and/or other putative class members' claims are barred by the doctrine of unclean hands.

4.      Plaintiff and/or other putative class members lack standing to pursue their claims.

5.      Plaintiff and/or other putative class members failed to mitigate damages.

6.      JR Capital is not liable to Plaintiff or any putative member of the do-not-call classes, because any violation was the result of error, and, as part of its routine business practices, JR Capital, among other things, maintains a process to comply with do-not-call requests.

7.      Plaintiff's claims for injunctive relief are barred by the mootness doctrine.

WHEREFORE, JR Capital respectfully requests that this Court enter judgment in JR Capital's favor and against Plaintiff, and award JR Capital its costs and such other relief as this Court deems proper.

Respectfully submitted,

*/s/ Scott J. Helfand*
Scott J. Helfand (Pro Hac Vice)
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
Scott.Helfand@huschblackwell.com
Tel: 312-341-9876
Fax: 312-655-1501

Laura K. Conroy
PA State Bar No. 206797
**HUSCH BLACKWELL LLP**
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, D.C. 20006-3606
Laura.Conroy@huschblackwell.com
Tel: 202-378-5388
Fax: 202-378-2319

*Attorneys for Defendant*

Dated: July 30, 2025