IN IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOUREY NEWELL,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**JR CAPITAL, LLC**<br><br>*Defendant.* | Case No.<br><br>2:25-cv-01419-GAM<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 20, 2026, and submit to Chambers the following report of their meeting for the Court's consideration:

1. **Discussion of Claims, Defenses, and Relevant Issues**

Plaintiff's Statement:

This case arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, and concerns whether Defendant JR Capital LLC violated the TCPA by placing multiple telemarketing calls to Plaintiff and members of the proposed National Do Not Call ("DNC") Class, Telemarketing Caller ID Class, and Internal DNC Class without their prior express invitation or permission, despite their numbers being registered on the National DNC Registry and/or after specific do-not-call requests were made. The core factual dispute concerns the origin, nature, and facts of the calls at issue, including classwide calling records. A further central issue is whether Defendant maintained and implemented the written

1

policies, training, and internal do-not-call procedures required by law, and whether it honored specific do-not-call requests. Plaintiff's claims are supported by call records, including screenshots, and testimony that he received multiple telemarketing calls, as outlined in the Amended Complaint, including calls after explicit do-not-call requests were made.

The primary and threshold issues on which discovery will be needed will center on classwide call records identifying all calls made selling Defendant's goods and services during the relevant period, and classwide call records identifying the Caller IDs used, all in a machine-readable format suitable for expert analysis. Ancillary evidence will include TCPA compliance policies and training materials in effect during the relevant period, internal do-not-call list data and documentation showing how Defendant processed opt-out requests, TPV recordings and related transaction records, and evidence relating to claimed consent, if any, including lead sources and consent documentation. Plaintiff intends to file a motion for class certification at the close of discovery.

As an initial matter, Defendant's characterization of the "residential" number issue, *infra*, is a red herring. It is Plaintiff's position that the caller ID claims at issue in this litigation apply equally to business and residential numbers, as such claims are not limited by the Do Not Call Registry's requirement that the call be placed to a "residential telephone subscriber." *Compare* 47 C.F.R. § 64.1200(c)(2) (prohibiting "telephone solicitations to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry") *with* 47 C.F.R. § 64.1601(e) (containing no such restriction). As such, this is a uniform legal issue which will apply uniformly across the entire class, regardless of which class members may be "business" or "residential" subscribers or not. Relatedly, as will be explored below, this

makes Defendant's proposed bifurcation inappropriate, since there remains a claim that does not turn on the use of a phone number at all.

Plaintiff further factually disputes the Defendant's characterization of the Plaintiff's alleged use of the telephone number, its use for business purposes, or what the Plaintiff allegedly submitted to the Federal Motor Carrier Safety Administration (FMCSA). As this Court also noted in *Pro Source*, the issue of whether or not a telephone number was used for business purposes is an inquiry more appropriate for class certification or a jury trial.

Defendant's Statement:

Defendant offers financing for business equipment, including commercial trucks. Plaintiff challenges text messages he allegedly received from Defendant. To succeed on his individual TCPA claims, Plaintiff must establish that he received the challenged calls on a "residential" number. But the phone number on which Plaintiff alleges he received the challenged text messages was a phone number for Newell Contracting LLC. (*Pursuant to this Court's Guidelines for Counsel, Defendant attaches hereto copies of screenshots relating to Newell Contracting LLC's use of the subject phone number (and later another number) with the Department of Transportation*.) Thus, Plaintiff cannot establish that he is entitled to relief under the TCPA.

To be sure, Plaintiff now argues that—even if the phone number was not residential—he is entitled to recovery on his CallerID claim. But in opposing Defendant's motion to dismiss that claim at the outset of this case, Plaintiff argued that the CallerID requirement was promulgated under a TCPA provision applicable only to residential phone numbers. This Court agreed and denied Defendant's motion to dismiss. *Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 576-77 (E.D. Pa. 2025) ("Under § 227(c), Congress ordered the FCC to "initiate a rulemaking

3

proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."). Of course, if Plaintiff believes it is appropriate to make the "non-residential" argument, Plaintiff can do so in response to Defendant's anticipated motion for summary judgment.

Regardless, Plaintiff is estopped from pursuing his TCPA claims. As this Court has stated, "[i]f Plaintiff took down the number from his business website and then immediately sued [the defendant] or another marketer, I would be strongly inclined to find estoppel." *Shelton v. Pro Source Lending Grp. LLC*, No. CV 24-4394, 2025 WL 817485, at *5 (E.D. Pa. Mar. 14, 2025) (McHugh, J.). Here, Plaintiff registered a trucking-carrier business—namely, Newell Contracting LLC—with the United States Department of Transportation, and the challenged text messages were sent to the phone number listed for Newell Contracting LLC. After this lawsuit was filed, someone apparently took down Newell Contracting LLC's federal registration. Next, after taking down Newell Contracting LLC's federal registration following the filing of this lawsuit, someone reactivated that registration and then changed the phone number listed for that registration. Therefore, Plaintiff is estopped from pursuing his TCPA claims.

Because Plaintiff cannot pursue his individual claims, Plaintiff cannot pursue claims on behalf of a class. But even if Plaintiff's individual claims survive, class certification would be inappropriate. This is because, among other reasons, as Plaintiff's own circumstances show, the Court would need to engage in an extensive individual analysis of each putative class member's circumstances to determine whether a given phone number was residential. Additionally, even putting aside the residential-versus-business issue, this Court would need to grapple with individualized standing issues relating to individual putative class members.

In an effort to avoid the potentially unnecessary burden of class-wide discovery on the parties and the Court, Defendant proposes that discovery be bifurcated to address narrow, potentially case-dispositive issues relating to Plaintiff's individual claims, including whether the phone number on which Plaintiff alleges he received the challenged text messages is residential and whether Plaintiff is estopped from pursuing his TCPA claims. Defendant proposes a limited, 60-day discovery period to determine whether Plaintiff's individual claims are actionable, with summary judgment motions to be filed within 21 days thereafter.  Defendant believes that bifurcation would promote effective case management and obviate the need for burdensome class-wide discovery.  Although Defendant believes that this initial discovery period will dispose of Plaintiff's claims entirely, Defendant proposes that putative class discovery begin within 30 days of a decision on Defendant's summary judgment motion, if needed.

2. **Initial and Informal Disclosures**

The parties will exchange initial disclosures by February 3, 2026.

3. **Formal Discovery**

Plaintiff's Position:  Plaintiff requests 240 days for discovery, as this is a putative class action. Plaintiff proposes that the parties will engage in discovery on the issues identified above, with a particular emphasis on obtaining the classwide call records early in the discovery period, so that the data can be analyzed by Plaintiff's expert and used both for class certification and potential settlement discussions. It is Plaintiff's position that any request to bifurcate or limit discovery should be brought in the form of an appropriate motion with an opportunity for briefing, not in the context of this Report.

Defendant's Position:  Defendant sets out its position on bifurcation in this report only for purposes of flagging the issue for the Court.  Defendant would welcome the opportunity to brief

the issue. In any event, as discussed above, Defendant proposes a bifurcated approach to discovery, involving a brief 60-day discovery period on Plaintiff's individual claims followed by Defendant's filing of a summary judgment motion within 21 days thereafter. Defendant proposes that putative class discovery begin within 30 days of a decision on Defendant's summary judgment motion, if needed.

4. **Electronic Discovery**

The Parties do not need or propose a draft ESI order at this time.

5. **Expert Witness Disclosures**

Plaintiff's position: Plaintiff proposes that the Parties simultaneously exchange expert witness reports and disclosures 60 days before the close of discovery. Responsive or counter-experts will be designated 30 days before the close of discovery. Expert discovery will close at the end of all discovery, together with the deadline for any *Daubert* motions.

Defendant's Position: Defendant proposes that, if class-wide discovery becomes necessary, the parties proceed with expert reports at the close of discovery. If necessary, any *Daubert* motions would be filed in connection with Plaintiff's motion for class certification,

6. **Mediation**

The Parties will consider mediation, including with a private mediator, if appropriate. Defendant would welcome the opportunity for early mediation to address possible settlement of Plaintiff's individual claims. Although Plaintiff will consider classwide settlement, Plaintiff is not willing to engage in individual settlement discussions at this time.

7. **Trial Date**

The Parties will be ready for trial once any dispositive motions, including Motions for Summary Judgment, and a Motion for Class Certification, are decided. The Parties propose

having 30 days after the close of discovery to submit those motions, with responses due 21 days thereafter, and replies (if any) 14 days thereafter.

   8. **Other**

The Plaintiff intends to file a motion seeking leave to file an Amended Complaint naming an additional Plaintiff also residing within the Eastern District of Pennsylvania, with all legal claims to remain the same. The Parties would appreciate guidance from the Court with respect to the timing of that amendment vis-à-vis answering the Amended Complaint and setting any applicable dates to account for this amendment.

Dated: February XX, 2026                    Respectfully submitted,


                                                                                         _____

Andrew Roman Perrong
Perrong Law LLC
2657 Mt. Carmel Ave
Glenside, PA 19038
215-225-5529
Fax: 888-329-0305
Email: a@perronglaw.com

Anthony Paronich
PARONICH LAW, P.C.
350 LINCOLN ST SUITE 2400
HINGHAM, MA 02043
508-221-1510
Email: anthony@paronichlaw.com

*Attorneys for Plaintiff*


   /s/ Scott J. Helfand
Scott J. Helfand (Pro Hac Vice)
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606

7

Scott.Helfand@huschblackwell.com
Tel: 312-341-9876
Fax: 312-655-1501

Laura K. Conroy
PA State Bar No. 206797
**HUSCH BLACKWELL LLP**
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, D.C. 20006-3606
Laura.Conroy@huschblackwell.com
Tel: 202-378-5388
Fax: 202-378-2319

*Attorneys for Defendant*