IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOUREY NEWELL,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **JR CAPITAL, LLC** <br><br> *Defendant.* | Case No. <br><br> 2:25-cv-01419-GAM <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

## JOINT STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

Jourey Newell ("Plaintiff") and JR Capital, LLC ("Defendant"), by their undersigned counsel, hereby agree as follows:

1. The Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

2. This Stipulation of Confidentiality and Proposed Protective Order (the "Order") shall govern the use and disclosure of all "Discovery Materials," which are created or produced in connection with the above-captioned action. For purposes of this Order, "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents, data, or other things produced by any party to any other, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-party participating in this litigation, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

1

3. Plaintiff and Defendant shall have the right to limit access to any Discovery Materials, if such materials include "Confidential and/or Non-Public Proprietary Information" or otherwise meets the standards set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 668 (3d Cir. 2019).

4. If any Discovery Materials include Confidential and/or Proprietary Information (the "Confidential Discovery Materials"), such documents or other tangible items must be designated by conspicuously stamping the word "CONFIDENTIAL" on each page of the designated material or by notifying the other party in writing of the material to be considered so designated. With regard to deposition testimony, a party may designate portions of the record "CONFIDENTIAL" by notifying the other party on the record at the deposition or in writing no later than thirty (30) days after the transcript is received.

5. Confidential Discovery Materials shall not be used for any purpose other than this litigation and shall not be disclosed or disseminated to anyone, except:

(a) a party, inside and outside counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only;

(b) any expert engaged by a party for the purpose of assisting in the preparation of this litigation, provided, however, that no Confidential Discovery Materials shall be knowingly disseminated to any expert who is employed by a direct business competitor of Defendant;

(c) any vendors retained by the parties for the purposes of this lawsuit;

(d) any person who was involved in the preparation of the document or information;

(e) any other person, entity, or firm with the prior written consent of all parties;

  (f)  the Court and its support personnel, a jury at any trial on the matter anyone lawfully allowed to attend the trial, and/or any person that the Court may order, except any party may seek that Confidential Discovery Materials not be disclosed or presented to or before spectators at a trial unless the court has determined, that the disclosure or presentation is necessary and has appropriate safeguards in place to maintain confidentiality, such as redacting sensitive information or limiting the number of spectators who can view the document;

  (g)  any mediator or arbitrator engaged by the parties or appointed by the Court in this matter;

  (h)  Court reporters; or

  (i)  Deponents during the course of their depositions or potential deponents or witnesses of this case during communications with the parties' inside or outside counsel.

6.  Each person who has access to Confidential Discovery Materials must take all due precautions to prevent the unauthorized or inadvertent disclosure of such materials. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Discovery Materials to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose Confidential Discovery Materials were inadvertently disclosed. If a party has actual knowledge that Confidential Discovery Materials are being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose Confidential Discovery Materials are being used or possessed. However, no party shall have an affirmative obligation to inform itself regarding such possible use or possession of its own Confidential Discovery Materials.

7.  Prior to filing any Confidential Discovery Materials with the clerk of the court, the parties shall either redact such information upon filing or request that such documents, or

portions thereof, be filed and maintained under seal of the United States District Court for the Eastern District of Pennsylvania.

8. Nothing in this Order shall preclude any party from challenging a designation of Discovery Materials as Confidential Discovery Materials by another party through the manner described herein:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party shall respond in writing to such objection within fourteen (14) days after receiving notice of the objection and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel opposing the designation shall then confer in good faith in an effort to resolve any remaining dispute(s) within five (5) days of receiving such response (unless extended in writing).

(b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the designating party shall contact the Court for a determination of whether the challenged designation is appropriate within 10 days of the impasse. The designating party shall provide the Court with one copy of each document, response, or portion of transcript challenged. The designating party has the burden of proving the applicability and/or correctness of any designation.

(c) If the challenge is not resolved by agreement, or by voluntary removal, and if the Court is not contacted, then the designation shall remain in effect and shall continue to apply to such document or information absent a Court order at anytime to the contrary.

(d) If a party challenges a designation of any Discovery Materials as Confidential Discovery Materials to the Court, the Discovery Materials will be treated as Confidential Discovery Materials until such time as the Court has ruled on the challenge.

9. The inadvertent production of any Discovery Materials that contains attorney-client communications, attorney work product or otherwise privileged information shall be

without prejudice to any claim that such item is Confidential Discovery Materials and/or shall not be deemed a waiver of any privilege, and will not otherwise affect the right to seek return of the inadvertently produced document, information or thing under applicable law. As soon as practicable and no later than (10) days after the producing party's written notification of the inadvertent disclosure of Discovery Materials that contain privileged information, the receiving party must return, sequester, or destroy any copies or compilations of their contents.

10. The parties do not, by this Order, waive any objections the parties might otherwise have under the rules of discovery or evidence. This Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. The parties do not waive any right to apply to the Court to seek a modification of this Order. Specifically, this Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

11. Nothing herein shall be construed to preclude or limit the presence of any individual at any depositions, hearings in or the trial of this action.

12. Nothing in this Order shall preclude any party from seeking from the Court an Order that binds third parties to abide by this Order.

13. Nothing in this Order shall prevent a party from using or disclosing its own Confidential Discovery Materials as it deems appropriate. Any such disclosure by a party of its own Confidential Discovery Materials shall not impair the confidentiality obligations imposed upon all other parties and persons subject to this Order, except that any information that is

publicly disclosed may subsequently be used by any party or signatory to this Order for any lawful purpose.

14. Upon the request of the party which produced Confidential Discovery Material, to occur within thirty (30) days of the conclusion of this litigation and any appeals thereto, any party in receipt of another party's Confidential Discovery Materials shall return or destroy all copies of such Confidential Discovery Materials. Notwithstanding the foregoing, counsel for each party may maintain one set of production in its electronic files as work-product.

15. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Materials are produced or disclosed, and therefore Confidential Discovery Materials cannot be used or referenced in any other litigation.

16. The Court shall retain jurisdiction, both before and after the entry of final judgment in this action, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

Dated: February 25, 2026                                        Respectfully submitted,


*/s/      Anthony Paronich*                             */s/ Scott J. Helfand*

Andrew Roman Perrong                                Scott J. Helfand (Pro Hac Vice)
PERRONG LAW LLC                                     HUSCH BLACKWELL LLP
2657 Mt. Carmel Ave                                 120 South Riverside Plaza, Suite 2200
Glenside, PA 19038                                  Chicago, IL 60606
Telephone: (215) 225-5529                           Telephone: (312) 341-9876
Facsimile: (888) 329-0305                           Facsimile: (312) 655-1501
a@perronglaw.com                                    Scott.Helfand@huschblackwell.com

Anthony Paronich                                    Laura K. Conroy (PA State Bar No. 206797)
PARONICH LAW, P.C.                                  HUSCH BLACKWELL LLP
350 Lincoln St, Suite 2400                          1801 Pennsylvania Avenue, NW, Suite 1000
Hingham, MA 02043                                   Washington, D.C. 20006-3606
                                                    Telephone: (202) 378-5388
                                                    Facsimile: (202) 378-2319

Telephone: (508) 221-1510  
anthony@paronichlaw.com

*Attorneys for Plaintiff*

Laura.Conroy@huschblackwell.com

*Attorneys for Defendant*

APPROVED and SO ORDERED this 25th day of February, 2026.

BY THE COURT:

/s/ Gerald Austin McHugh
_____
Honorable Gerald Austin McHugh
United States District Judge