# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOUREY NEWELL**, individually and on behalf of all others similarly situated,

      *Plaintiff,*

v.

**JR CAPITAL, LLC**

      *Defendant.*

Case No.

2:25-cv-01419-GAM

## SUPPLEMENTAL RESPONSES TO

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff, by and through undersigned counsel, submits the following supplemental omnibus responses and objections to Defendant's Interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to the scope, including scope that exceeds the bifurcated discovery that the Court ordered at Defendant's request, relevance, overbreadth, undue burden, vagueness, ambiguity, attorney–client privilege, and the attorney work-product doctrine. Plaintiff further reserves the right to further supplement, modify, or amend these responses and objections as discovery proceeds and additional facts are developed.

## INTERROGATORIES

8.     Identify Plaintiff's home address(es) from November 2022 to the present, identify all phone numbers for each such address, and identify whether each such phone number is a landline or a wireless number.

**RESPONSE:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or

**EXHIBIT**     **9**
Witness: Jourey Newell
Date: 05/13/26
Stenographer: Andrew R. Pitts, CSR, RPR

contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects to this interrogatory as vague, ambiguous, and unintelligible insofar as it purports to ask Plaintiff to "identify all phone numbers for each such address," as a telephone number is not an attribute of a physical address and is not necessarily linked to one in any meaningful or ascertainable way, such that Plaintiff cannot reasonably be expected to understand what is being requested without undue speculation, and Plaintiff will not guess at his peril. Plaintiff further objects insofar as this interrogatory seeks personal address and location information that is not proportional to the needs of the case at this stage of the litigation. Plaintiff further objects that this interrogatory exceeds the scope of discovery currently permitted in this matter, as the Court, at Defendant's own request, bifurcated discovery and limited it at this stage solely to whether the telephone number alleged to have been contacted was a residential or business number. Notwithstanding the foregoing, and subject to the foregoing objections, Plaintiff states that he has been a resident of King of Prussia, Pennsylvania from November 2022 to the present. The subject telephone number at issue in this case is a wireless number assigned to a consumer cellular telephone service plan with a billing address at that same home address. Plaintiff expressly reserves the right to assert additional objections and to supplement this response in the event that the scope of discovery is subsequently broadened beyond its present court-ordered limitations, or to the extent it is clarified.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects to this interrogatory as vague, ambiguous, and unintelligible insofar as it purports to ask Plaintiff to "identify all phone numbers for each such

2

address," as a telephone number is not an attribute of a physical address and is not necessarily linked to one in any meaningful or ascertainable way, such that Plaintiff cannot reasonably be expected to understand what is being requested without undue speculation, and Plaintiff will not guess at his peril. Plaintiff further objects insofar as this interrogatory seeks personal address and location information that is not proportional to the needs of the case at this stage of the litigation. Plaintiff further objects that this interrogatory exceeds the scope of discovery currently permitted in this matter, as the Court, at Defendant's own request, bifurcated discovery and limited it at this stage solely to whether the telephone number alleged to have been contacted was a residential or business number. Notwithstanding the foregoing, and subject to the foregoing objections, Plaintiff states that he has been a resident of King of Prussia, Pennsylvania from November 2022 to the present. The subject telephone number at issue in this case is a wireless number assigned to a consumer cellular telephone service plan with a billing address at that same home address. Plaintiff expressly reserves the right to assert additional objections and to supplement this response in the event that the scope of discovery is subsequently broadened beyond its present court-ordered limitations, or to the extent it is clarified.

Plaintiff further responds, and designates the following as CONFIDENTIAL subject to the protective order entered in this case:

Since November 2022, the Plaintiff has had the following numbers: ███████, ███ ███8609, and ████████4132. Plaintiff has had the -1170 number since prior to November of 2022, the -8609 number since approximately March of 2025, and the -4132 number since prior to November of 2022. Plaintiff is the named account holder for all three accounts, although the -1170 number is part of a family plan. Each phone number is wireless. The address associated with each account is the Plaintiff's residential King of Prussia address, ██ Brandywine Ln, King

3

Of Prussia, PA 19406 except for the -1170 number, which is billed to ███Brandywine Ln, King Of Prussia, PA 19406.

10. Identify all sources of income You received from February 2021 to the present, and describe your relationship to that source of income (*i.e.*, employee, owner, officer, etc.), and whether you have ever made or received calls or text messages on the subject phone number related to that source of income.

**RESPONSE:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound, as it contains multiple distinct subparts seeking materially different categories of information. Plaintiff objects to this interrogatory as grossly overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks identification of all sources of income since 2021, without any limitation as to subject matter, amount, or relevance to the claims or defenses in this action. For the same reasons, it also exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff further objects that this interrogatory seeks highly sensitive personal financial information that is not proportional to the needs of the case at this stage, and which implicates significant personal privacy concerns. Plaintiff objects to this interrogatory as vague, ambiguous, and unintelligible insofar as it asks whether Plaintiff has "made or received calls or text messages on the subject phone number related to that source of income," as the phrase "related to" any source of income is so vague, overbroad, and lacking in reasonable particularity as to render the question practically unanswerable without undue speculation, and Plaintiff will not guess at his peril. For example, the Plaintiff has investments as a source of his income. Does this encompass every call the Plaintiff has made to friends or family regarding his

4

investments?  Plaintiff further objects that this interrogatory  exceeds the scope of discovery currently permitted in this matter. The Court, at Defendant's own request, bifurcated discovery and limited it at this stage solely to whether the telephone number alleged to have been contacted was a residential or business number. Notwithstanding the foregoing, and subject to the foregoing objections, Plaintiff states that he has generally been involved in operating businesses, including a contracting and landscaping business, as well as receiving income from investments, during the relevant period. Plaintiff states that the subject telephone number at issue is his personal cellular number, held in his personal name, subscribed to a consumer cellular service plan, and used for personal purposes, and that he does not hold it out to the world as a business number. Moreover, although the Plaintiff did include his personal cell phone number on his DOT application, he did so not as the business number, but instead as his personal cell phone, in accordance with the application's prompt for a cell phone number. Plaintiff expressly reserves the right to assert additional objections and to supplement this response in the event that the scope of discovery is subsequently broadened beyond its present court-ordered limitations.

 **SUPPLEMENTAL RESPONSE:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound, as it contains multiple distinct subparts seeking materially different categories of information. Plaintiff objects to this interrogatory as grossly overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks identification of all sources of income since 2021, without any limitation as to subject matter, amount, or relevance to the claims or defenses in this action. For the same reasons, it also exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff further objects that this interrogatory seeks

highly sensitive personal financial information that is not proportional to the needs of the case at this stage, and which implicates significant personal privacy concerns. Plaintiff objects to this interrogatory as vague, ambiguous, and unintelligible insofar as it asks whether Plaintiff has "made or received calls or text messages on the subject phone number related to that source of income," as the phrase "related to" any source of income is so vague, overbroad, and lacking in reasonable particularity as to render the question practically unanswerable without undue speculation, and Plaintiff will not guess at his peril. For example, the Plaintiff has investments as a source of his income. Does this encompass every call the Plaintiff has made to friends or family regarding his investments?  Plaintiff further objects that this interrogatory  exceeds the scope of discovery currently permitted in this matter. The Court, at Defendant's own request, bifurcated discovery and limited it at this stage solely to whether the telephone number alleged to have been contacted was a residential or business number. Notwithstanding the foregoing, and subject to the foregoing objections, Plaintiff states that he has generally been involved in operating businesses, including a contracting and landscaping business, as well as receiving income from investments, during the relevant period. Plaintiff states that the subject telephone number at issue is his personal cellular number, held in his personal name, subscribed to a consumer cellular service plan, and used for personal purposes, and that he does not hold it out to the world as a business number. Moreover, although the Plaintiff did include his personal cell phone number on his DOT application, he did so not as the business number, but instead as his personal cell phone, in accordance with the application's prompt for a cell phone number. Plaintiff expressly reserves the right to assert additional objections and to supplement this response in the event that the scope of discovery is subsequently broadened beyond its present court-ordered limitations.

6

Plaintiff further responds, and designates the following as CONFIDENTIAL subject to the protective order entered in this case:

Plaintiff has run two businesses since February 2021, Newell Landscaping, which became Newell Contracting LLC. Those businesses are/were home-based businesses. The telephone number for Newell Contracting LLC is the ███████1170 number.

## VERIFICATION

Pursuant to the Federal Rules of Civil Procedure, the undersigned says that the foregoing Answers to Interrogatories are true and correct to the best of his knowledge and belief.

Dated: Apr 13, 2026

*Jourey Newell*

Jourey Newell

**Dated: April 12, 2026**

/s/ Andrew Roman Perrong

Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served electronically on counsel for the

Defendants via e-mail.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

8