# EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOUREY NEWELL**, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> *v.* <br><br> **JR CAPITAL, LLC** <br><br> *Defendant*. | Case No. <br><br> 2:25-cv-01419-GAM |

### DEFENDANT'S SUPPLEMENTAL AND AMENDED RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, JR Capital, LLC, ("JR Capital"), by its attorneys, states as follows for its supplemental and amended responses to Plaintiff's first set of interrogatories:

### GENERAL OBJECTIONS

1.      JR Capital objects to the definitions of "Defendant" and "You" as overbroad, because JR Capital cannot answer for anyone other than JR Capital.  JR Capital responds on behalf of only JR Capital.

2.      JR Capital objects to Plaintiff's definitions of "Call" and "Telemarketing" to the extent those definitions differ from the meaning of those terms under the Telephone Consumer Protection Act ("TCPA").

3.      JR Capital objects to the "Definitions" and "Instructions" in Plaintiff's First Set of Discovery to the extent those definitions or instructions seek to impose obligations beyond those required under the Federal Rules of Civil Procedure or Local Rules.

### ANSWER TO INTERROGATORIES

1.      Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.



**EXHIBIT**

**1**

05-27-2026          SB

**ANSWER:** JR Capital states that JR Capital's Chief Business Development Officer Paris Robbins provided information used in answering these interrogatories.

2. Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:** JR Capital objects that, because of the definitions of "vendor," "call," and "telemarketing," this interrogatory is ambiguous and seeks information that is neither relevant nor proportionate to the needs of this case. Subject to and without waiving its objections, JR Capital states that it contracted with SlickText to send text messages.

3. Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER:** JR Capital objects that, because of the definitions of "vendor," "call," and "telemarketing," this interrogatory is ambiguous and seeks information that is neither relevant nor proportionate to the needs of this case. Subject to and without waiving its objections, JR Capital states that it contracted with SlickText to send text messages.

4. Identify all third parties or sub-vendors used by your vendors to for you [*sic*] as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:** JR Capital objects that, because of the definitions of "vendor," "call," and "telemarketing," this interrogatory is ambiguous and seeks information that is neither relevant nor proportionate to the needs of this case. Subject to and without waiving its objections, JR Capital states that it contracted with SlickText to send text messages.

5. Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER:** JR Capital states that no one from JR Capital spoke to Plaintiff.

6. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

2

**ANSWER:** JR Capital objects that, because of the definitions of "vendor," "call," and "telemarketing," and the use of the term "solicitation telephone calls," this interrogatory is ambiguous and seeks information that is neither relevant nor proportionate to the needs of this case. JR Capital objects that, because the challenged text messages were sent to the phone number for Newell Contracting LLC, this interrogatory is vague and ambiguous. Subject to and without waiving its objections, JR Capital states that (a) the challenged text messages were sent to the phone number for Newell Contracting LLC and (b) Plaintiff is the governor for Newell Contracting LLC.

**SUPPLEMENTAL AND AMENDED ANSWER:** Subject to and without waiving its objections, JR Capital states that, before the formation of Newell Contracting LLC in 2023, the subject phone number was associated with Newell's landscaping business. JR Capital states that, before the formation of Newell Contracting LLC, challenged texts would have been sent to that business.

7.    If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:** JR Capital objects that, because of the definition of "call," this interrogatory is ambiguous and seeks information that is neither relevant nor proportionate to the needs of this case. JR Capital objects that, because the Court has bifurcated discovery, this interrogatory seeks information that is neither relevant nor proportionate to the needs of the case at this stage. Subject to and without waiving its objections, JR Capital states that it contracted with SlickText to send text messages.

8.    If you contend that a third party provided you with the Plaintiff's phone number, identify that third party and state all facts in support of the same.

**ANSWER:** JR Capital objects that, because the phone number to which the challenged texts were sent was Newell Contracting LLC's phone number, the term "Plaintiff's phone number"

is ambiguous and confusing. Subject to and without waiving its objection, JR Capital states that FleetSeek provided JR Capital phone numbers.

**SUPPLEMENTAL AND AMENDED ANSWER:** Subject to and without waiving its objections, JR Capital states that, before the formation of Newell Contracting LLC in 2023, the subject phone number was associated with Newell's landscaping business. JR Capital states that, before the formation of Newell Contracting LLC, challenged texts would have been sent to Newell's landscaping business. JR Capital states that, in addition to receiving phone numbers from FleetSeek, JR Capital received phone numbers from Randall Reilly and Dun and Bradstreet. JR Capital states that, in 2022, JR Capital received the subject phone number from Dun and Bradstreet. JR Capital states that Dun and Bradstreet provided the following information: (1) Industry (Agriculture); (2) Company Name (Newell, Jourey); (3) Year Founded (2016); (4) First Name (Jourey); (5) Last Name (Newell); (6) Direct Phone (484-213-4132); (7) Phone 2 (484-213-4132); (8) Address (409 Brandywine Ln, King of Prussia, Pennsylvania, 19406-2357); (9) US SIC Code (7820000); (10) US SIC Description (Lawn and garden services); (11) US SIC 1987 Code (782); (12) US SIC 1987 Description (Lawn and Garden Services); and (13) Lead Source (Heavy Metal).

9. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:** JR Capital objects that, because of the definition of "you," this interrogatory is vague. Subject to and without waiving its objections, JR Capital states that it informed SlickText of this lawsuit.

10. Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:** JR Capital objects that this interrogatory seeks information that is neither relevant nor proportionate to the needs of this case. JR Capital objects that, because the phone

4

number to which the challenged texts were sent was Newell Contracting LLC's phone number, the phrase "used to contact the Plaintiff" is ambiguous and confusing. JR Capital objects that, because of the definitions of "you" and "vendor," this interrogatory is vague and ambiguous. Subject to and without waiving its objections, JR Capital states that it contracted with SlickText to send text messages.

**SUPPLEMENTAL AND AMENDED ANSWER:** Subject to and without waiving its objections, JR Capital states that, before the formation of Newell Contracting LLC in 2023, the subject phone number was associated with Newell's landscaping business. JR Capital states that, before the formation of Newell Contracting LLC, challenged texts would have been sent to Newell's landscaping business.

11.    State all facts in support of any affirmative defenses you have raised.

**ANSWER:**    JR Capital objects that, because of the definition of "you," this interrogatory is vague and ambiguous JR Capital objects that, to the extent this interrogatory requests facts within Plaintiff's or others' custody or control, this interrogatory seeks to impose on JR Capital obligations exceeding the obligations under the Federal Rules of Civil Procedure. Subject to and without waiving its objection, JR Capital states that (a) Plaintiff registered a trucking-carrier business—Newell Contracting LLC—with the United States Department of Transportation; (b) the challenged text messages were sent to the phone number listed for Newell Contracting LLC; (c) after this lawsuit was filed, someone apparently took down Newell Contracting LLC's federal registration; and (d) after taking down Newell Contracting LLC's federal registration following the filing of this lawsuit, someone reactivated that registration and then changed the phone number listed for that registration.

**SUPPLEMENTAL AND AMENDED ANSWER:** Subject to and without waiving its objections, JR Capital states that, before the formation of Newell Contracting LLC in 2023, the

5

subject phone number was associated with Newell's landscaping business.  Plaintiff used the subject phone number in connection with that business as well.

12.     Identify the source(s) of any data used to target individuals in the FMCSA database and describe how Defendant obtained, licensed, or accessed that information.

**ANSWER:**  JR Capital objects that, because of the use of the word "source(s)" and the phrase "any data used to target individuals," this interrogatory is vague and ambiguous.  JR Capital objects that this interrogatory seeks information that is neither relevant nor proportionate to the needs of the case, because, among other reasons, the FMCSA database is a repository of information for commercial motor carriers.  Subject to and without waiving its objection, JR Capital states that FleetSeek provided JR Capital phone numbers.

13.     Describe all policies, procedures, or training materials used by Defendant to ensure compliance with 47 C.F.R. § 64.1601(e), including caller ID accuracy and the transmission of Defendant's name.

**ANSWER:**  JR Capital objects that, because 47 C.F.R. § 64.1601(e) does not cover the use of policies and procedures, this interrogatory seeks information that is neither relevant nor proportionate to the needs of this case.  Subject to and without waiving its objections, JR Capital states that it contracted with SlickText to send text messages.

14.     State all facts regarding Defendant's knowledge of CNAM functionality, including whether Defendant knew that CNAM would default to a geographic location unless affirmatively set to reflect Defendant's name, and what steps (if any) Defendant took to ensure accurate caller ID name transmission.

**ANSWER:**  JR Capital objects that this interrogatory seeks information that is neither relevant nor proportionate to the needs of the case.  JR Capital objects that, because this interrogatory seeks information about the operations of a third-party communications platform, this interrogatory seeks to impose on JR Capital obligations exceeding those imposed under the Federal Rules of Civil Procedure.  Subject to and without waiving its objections, JR Capital states that it contracted with SlickText to send text messages.

Dated:  May 22, 2026                                       **JR CAPITAL, LLC,**
                                                          Defendant.

                                                          By:  */s/ Scott J. Helfand*
                                                                  One of Its Attorneys


Laura Conroy (#206797)
Husch Blackwell LLP
1801 Pennsylvania Avenue, NW, Suite 1000,
Washington, DC 20006
Telephone: (202) 378-2300 0
Facsimile: (202) 378-2319
laura.conroy@huschblackwell.com


Scott J. Helfand (Pro Hac Vice)
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
Telephone: (312) 341-9876
Facsimile: (312) 655-1501
Scott.Helfand@huschblackwell.com

## **VERIFICATION**

I, Paris Robbins, state that I am Chief Business Development Officer for JR Capital, LLC, that I am authorized to make this verification on behalf of JR Capital, LLC, that I have read the foregoing responses, and that the foregoing responses, assembled in part by others, are true, correct, and complete to the best of my knowledge and belief.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2026:

DocuSigned by:

*Paris Robbins*

B84C80A3102A4D6...

Paris Robbins

## <u>CERTIFICATE OF SERVICE</u>

I, Scott J. Helfand, hereby certify that a true and correct copy of the foregoing document was served on counsel of record by electronic mail this 22nd day of May 2026.

*/s/ Scott J. Helfand*